

# Fourth Court of Appeals
## San Antonio, Texas

March 6, 2019

No. 04-19-00032-CR

Jemadari Chinua **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6613
Honorable Kevin M. O'Connell, Judge Presiding

## O R D E R

The trial court imposed sentence in Cause No. 2018CR6613 on December 3, 2018. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on January 2, 2019. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on January 17, 2019. TEX. R. APP. P. 26.3. On January 17, 2019, appellant filed a "Notice of Appeal from Negotiated Plea." Appellant did not file a motion for extension of time. Because appellant did not timely file a notice of appeal or timely file a motion for extension of time, we lack jurisdiction over this appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).[1]

We, therefore, ORDER appellant to show cause on or before **March 21, 2019** why this appeal should not be dismissed for lack of jurisdiction.

_____
Irene Rios, Justice

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of March, 2019.



KEITH E. HOTTLE,
Clerk of Court